IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH BAZE, § | |
| #22041440, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:23-CV-87-M-BK |
| § | |
| THE 195TH COURT, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Kenneth Baze's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On January 12, 2023, Baze, an inmate at the Dallas County Jail, filed a complaint against the 195th Court, the Dallas Police Department, and an unidentified state magistrate judge, alleging tort claims and civil rights violations under 42 U.S.C. § 1983. Doc. 3 at 1. He challenges his 2018 negotiated guilty plea to stalking and three-year sentence. *State v. Baze*, No. F18-31092 (195 Jud. Dist. Ct., Dallas Cnty., Tex., Sep. 7, 2018). Baze did not file a direct appeal, and unsuccessfully sought state post-conviction relief. *Ex parte Baze*, No. WR-75,732-04 (Tex. Crim. App. Jan. 30, 2019) (denying habeas relief).

Baze's complaint is inartfully pled. He alleges that he was prosecuted for stalking although arrested for harassment. Doc. 3 at 1. Baze alleges that the arresting officer violated his constitutional rights in arresting him for verbal conduct that was not committed in a public place, and that the magistrate judge abused his discretion in dismissing the harassment charge and charging him with stalking. Doc. 3 at 2-4. Baze also pleads violations of the First, Sixth, Seventh, Eighth, Thirteenth and Fourteenth Amendments. Doc. 3 at 4-5. He seeks compensatory damages for each constitutional violation and the three years that he was unlawfully incarcerated. Doc. 3 at 5-6.

Upon review of the complaint, the Court concludes that Baze's claims are barred by the *Heck v. Humphrey* doctrine. Thus, this action should be dismissed as frivolous.[1]

**II. ANALYSIS**

Because Baze is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to

---

[1] Baze also mentions the Federal Tort Claims Act (FTCA) and the *Bivens* doctrine. Doc. 3 at 1. As he sues only state actors, neither the FTCA nor *Bivens* apply to his claims. The FTCA waives the United States' sovereign immunity from tort suits. *See* 28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1). The holding in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), creates a cause of action for constitutional violations against federal not state officials. *See Egbert v. Boule*, --- U.S. ---, 142 S. Ct. 1793, 1802-03 (2022).

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Baze's complaint is frivolous.

Baze seeks monetary damages for his arrest and subsequent conviction in Cause No. F18-31092. He alleges many wrongdoings by the Defendants. Even so, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Baze's arrest and state conviction under 42 U.S.C. § 1983. "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under §1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87). Put differently, *Heck* bars a judgment that "necessarily impl[ies] the invalidity" of a conviction unless that conviction has been reversed, invalidated, or otherwise set aside. *See Heck*, 512 U.S. at 487.

Here, a ruling in Baze's favor on the claims pled would necessarily implicate the validity of his stalking conviction in Cause No. F18-31092. *Heck*, 512 U.S. at 487. The central theme of Baze's complaint is that he should not have been convicted of stalking. And because he has not alleged that his stalking conviction has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983. The complaint thus lacks any basis in law and should be

3

dismissed with prejudice as frivolous until Plaintiff satisfies the conditions set forth in *Heck*. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed above, Baze's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is doubtful that, given the opportunity, he could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous until Baze satisfies the conditions set forth in in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on February 13, 2023.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).